IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| NATIONWIDE PROPERTY & | § | PLAINTIFF |
| CASUALTY INSURANCE COMPANY | § | |
| | § | |
| v. | § | Civil No.1:12CV396 HSO-RHW |
| | § | |
| ALBERT VAUGHAN & ASSOCIATES, | § | DEFENDANTS |
| ET AL. | § | |

## ORDER DENYING DEFENDANTS' MOTION
## TO DISMISS BASED ON THE STATUTE OF LIMITATIONS

BEFORE THE COURT is a Motion to Dismiss [6] filed January 22, 2013, by Albert Vaughan, Rose Vaughan, and Clyde Thompson [collectively "Defendants"]. Nationwide Property and Casualty Insurance Company ["Plaintiff"] filed a Response in Opposition [14] on January 29, 2013, and Defendants filed a Reply [20] on February 22, 2013. For the reasons set forth below, the Court finds that Defendants' Motion to Dismiss based on the statute of limitations is not well taken and should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff issued an insurance policy to Joseph Motes. On or about December 18, 2008, Mr. Motes sustained the loss of his home as a result of a fire. Plaintiff hired Defendants to conduct a preliminary investigation and to provide a cause and origin report for the loss at Mr. Motes' residence. On January 5, 2009, Defendants traveled to the home, conducted an investigation, and issued a report finding the cause of origin to be a "malfunction of main control printed circuit board" on a Tappan stove manufactured by Electrolux Home Products. Jan. 5, 2009, Report [14-

2], att. as Ex. "2" to Pl.'s Resp.; Compl. [1-2] ¶ 10, at p. 3.

On June 11, 2009, Defendants, together with a representative of the appliance manufacturer, attended an inspection of the appliance alleged to have caused the fire. On June 15, 2009, Defendants tendered a second cause and origin report which contained additional opinions and stated in part as follows:

> Mr. Pullen, Ms. Vaughan, and Mr. Thompson inspected the printed circuit boards for stove that are located behind the gas burners. Mr. Pullen took all pictures of area. . . . Control area has extreme fire damage, printed circuit boards are almost disintegrated, copper circuits are all exposed, this is the flash point of the fire. There was a short in the control circuitry of this stove.

June 15, 2009, Report [14-3], att. as Ex. "3" to Pl.'s Resp. at pp. 3-4.

Plaintiff later filed suit against Electrolux Home Products, Inc., in the Circuit Court of George County on September 9, 2010, asserting strict liability, warranty, and negligence claims. Compl. [1-1], att. to Not. of Removal. The case was removed to this Court and assigned civil action number 1:10cv501LG-RHW. A Judgment of Voluntary Nonsuit [148] was entered in the case on January 18, 2012. Prior to the dismissal, the depositions of Rose Vaughan and Clyde Thompson were taken on July 28, 2011. Plaintiff alleges that certain responses given during the depositions by Vaughan and Thompson relating to the scope of the investigation and the cause and origin reports provided the factual foundation for Plaintiff's current claims.

Plaintiff then filed a Complaint against Defendants in the Circuit Court of George County on March 1, 2012, asserting fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, and breach of contract. The case

was removed to this Court on August 10, 2012. Not. of Removal [1] filed in *Nationwide Prop. & Cas. Ins. Co. v. Albert Vaughan & Assoc., et al.*, 1:12cv248HSO-RHW. Upon Plaintiff's Motion [10], the case was voluntarily dismissed without prejudice by Order [11] entered on September 6, 2012.[1] On November 14, 2012, Plaintiff filed an identical Complaint against the identical Defendants in the Circuit Court of George County. Defendants once again filed a Notice of Removal [1] and the case was removed to this Court on December 19, 2012. Defendants filed the instant Motion to Dismiss [6] on January 22, 2013, asserting that Plaintiff's claims are barred by the applicable statute of limitations.

## II. DISCUSSION

A. Standard of Review

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

---

[1] Prior to Plaintiff filing the present Motion, Defendants filed a Motion to Dismiss [3] on grounds of improper and insufficient service of process.

3

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" for his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

4

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.  Analysis

In Mississippi, actions without an otherwise specified limitations period must be commenced within three years after the cause of action accrued. MISS. CODE ANN. § 15-1-49. The Complaint filed in this case asserts breach of contract claims as well as claims of negligence. Under Mississippi law, a three year statute of limitations applies. MISS. CODE. ANN. § 15-1-49; *see also Sanderson Farms v. Ballard,* 917 So. 2d 783 (Miss. 2005).

Defendants contend that all of the claims in the Complaint are barred by the general three year statute of limitations, as they accrued more than three years prior to the filing of this lawsuit. They maintain that "the statute of limitations expired three years after the June 15, 2009, report . . . as such the November 14, 2012, Complaint was filed nearly five months too late. . . ." Defs.' Mem. in Supp. of Mot. to Dismiss [7] at p. 3. Defendants further contend that the filing of the earlier Complaint and subsequent voluntary dismissal had no tolling effect on the statute of limitations. *Id*. at p. 4.

5

Plaintiff responds that the claims in the Complaint are premised upon alleged false representations made by Defendants Rose Vaughan and Clyde Thompson which Plaintiff did not discover until the depositions of these two individuals were taken on July 28, 2011. Specifically, Plaintiff alleges that these depositions "were the first and only notice provided to Plaintiff that the Defendants were disclaiming their prior cause and origin opinions." Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss [15] at p. 3.

The Court concludes that viewing the allegations in the light most favorable to Plaintiff, the Complaint contains sufficient factual content, taken as true, for the claims to fall within the three year statute of limitations. Applying the three year statute of limitations to the facts as alleged, the Complaint filed in this matter on November 14, 2012, was timely. Defendants' Motion should be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion to Dismiss [6] filed January 22, 2013, is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 26th of July, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE