IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY                                                                               PLAINTIFF

V.                                                                   CIVIL ACTION NO. 1:12-cv-00396-HSO-RHW

ALBERT VAUGHAN &
ASSOCIATES, INC., *et al.*                                                                      DEFENDANTS

## ORDER

Before the Court are three matters filed November 8, 2013 by attorneys Beth Windham, Dawn Fulce, and Dorrance Aultman as agent of the law firm Aultman Tyler & Ruffin, Ltd., specifically, [62] objections to a subpoena duces tecum, [63] a joint motion for protective order, and [65] a motion to quash subpoenas. The individuals are employees of the referenced law firm who represented Nationwide in prior litigation from which the present lawsuit arises; other attorneys with the same firm represent Nationwide in the instant case. Briefing has concluded and the matters are now ripe for ruling. Some background information will facilitate discussion of the issues raised by the referenced pleadings.

Plaintiff's original complaint in this case alleges that in December 2008, while insured by Plaintiff Nationwide, Joseph Motes sustained a fire loss to his George County residence. Nationwide hired Defendants Vaughan and Thompson to investigate Motes' claim, examine the scene of the fire and provide Nationwide a cause and origin report for the fire. Rose Vaughan and Clyde Thompson examined the property in January 2009, and provided Nationwide reports which opined that the fire loss resulted from malfunction of an appliance circuit board. After paying Motes' claim, relying on the reports from Vaughan and Thompson, Nationwide filed a state court subrogation action against the appliance manufacturer [1-1] in September 2010. That

action was removed to this Court on October 21, 2010. *Nationwide Property & Casualty Insurance Company v. Electrolux Home Products, Inc., et al.*, Civil Action No. 1:10cv501-LG-RHW, and has since been concluded. When Vaughan and Thompson were deposed in that action in 2011, they denied being hired to provide a cause/origin investigation or opinion, leaving Nationwide without expert testimony since the fire scene had, by that time, been destroyed. Nationwide alleges it also learned in July 2011 that Vaughan and Thompson had misrepresented their qualifications to conduct a fire cause/origin investigation and render opinions on those points, and that the two were actually not qualified to do so. Nationwide claims this turn of events required it to settle its subrogation action for less than its subrogation interest. As a result, Nationwide filed the present lawsuit seeking to recover from Defendants for fraudulent inducement, fraudulent and negligent misrepresentation, and breach of contract.

On October 29, 2013, Vaughan and her company issued subpoenas to Fulce, Windham and Aultman commanding production by November 8, 2013, of the "complete, entire unredacted file(s) ... pertaining to the investigation of the Joseph Motes' house fire, the subrogation claim relating to such fire, as well as the subsequent litigation against Electrolux Home Products, Inc. ..." [62-1] All three subpoenas were served on Beth Windham the same day they were issued. [59], [60], and [61] The subpoenas state the information sought

> includes, but is not limited to, any and all e-mails and electronic documents, correspondence, notes, drafts, outlines, photographs, videos, reports, litigation plans, evaluations, pleadings, contracts, agreements, credentials or related documents concerning Albert Vaughan and Associates, Rose Vaughan, and Clyde Thompson, any and all related invoices or billings, including attorney billing statements, management report documents, settlement documents in the Electrolux lawsuit, attorney evaluations and/or evaluations of Nationwide employees or independent contractors, any and all evaluations relating to the value of the subrogation claim and/or property damage claims, report/evaluations/notes regarding depositions taken in the Electrolux lawsuit, handwritten notes, memoranda or similar documents which in any manner whatsoever refer to or

> otherwise concern the investigation of the Motes' fire, the subrogation claim and the subsequent claims relating to the fire, including the Electrolux lawsuit filed by Nationwide against Electrolux...

The subpoenaed attorneys/law firm requested that Defendants narrow their request but Defendants maintain they are entitled to the entire files of Nationwide's attorneys.

Windham, Fulce and Aultman object to the subpoenas duces tecum as overbroad and burdensome, and on grounds that the subpoenas command discovery from the attorneys and the law firm, who have served, and presently serve as counsel for Nationwide, and that the subpoenas expressly call for production of attorney-client privileged information or attorney work product. In addition to the objections to the subpoenas, these non-parties have also filed motions for protective order [63] and to quash the subpoenas [65], based upon the same grounds. Defendants contend the movants must respond to the subpoenas and/or produce a privilege log as to any documents withheld under claim of privilege, and that the subpoenaed entities have waived any privilege, including attorney-client, attorney work product or anticipation of litigation with respect to their files.

Having reviewed the motion pleadings and the parties' arguments, the Court finds the scope of the subpoenas exceptionally broad. The Court finds that subpoenas seeking discovery of attorneys' files should be narrowly tailored to the matters at issue in the present litigation, as this Court is bound to protect not only the parties' rights to discovery, but also the non-party attorneys' rights/duties to maintain the privacy of their clients' files. The Court will therefore grant the motions for protective order and to quash the subpoenas issued to Windham, Fulce and the law firm of Aultman Tyler & Ruffin, Ltd.

SO ORDERED, this the 11th day of December, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE